ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MIGDALIZ SEDA VARGAS; Y OTROS<br><br>Recurrido<br><br>v.<br><br>ALTITUDE WEST, LLC Y OTROS<br><br>Peticionario | KLCE202401220 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: BY2022CV01689<br><br>Sobre: Daños |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Comparece ante esta Curia Altitude West, LLC (peticionario o Altitude) mediante un recurso de *certiorari*, acompañado de una moción en auxilio de jurisdicción, instados el 12 de noviembre de 2024. Solicita que revoquemos la *Orden* que notificó el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 8 de noviembre de 2024, mediante la cual, se negó a paralizar el juicio en su fondo tras notificar, en igual fecha, una *Resolución* declarando no ha lugar su petitorio sumario.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos la *Orden* recurrida.

### I.

El 1 de abril de 2022, Migdaliz Seda Vargas y Freddie A. García Padilla por sí y en representación de su hijo menor de edad (demandantes o recurridos) presentaron una *Demanda* sobre daños y perjuicios en contra de Altitude y Metrolime Inc.[1] Reclamaron el

---

[1] Apéndice, págs. 1-4.

Número Identificador:

SEN2024_____

resarcimiento de los daños sufridos a consecuencia de un accidente que padeció su hijo menor de edad, el 12 de marzo de 2022, en las facilidades de Altitude Trampoline Park.

En su contestación a la demanda, Altitude alegó que sus instalaciones eran seguras para su uso.[2] Agregó que, cumplió con el estándar de cuidado requerido a establecimientos comerciales y negó haber actuado de forma culposa al no tener un empleado supervisando al menor demandante. Negó que existiera una relación causal entre la presencia de un supervisor de Altitude y el accidente que sufrió el joven demandante. Expresó además que, la conducta que originó el accidente está prohibida y así lo establecen los rótulos situados a lo largo del parque.

Iniciado el descubrimiento de prueba, Altitude solicitó una orden protectora a los efectos de limitar la producción de ciertos documentos, evitar divulgar información sobre otros accidentes ocurridos en sus facilidades y negarse a proveer información privada sobre los accionistas y oficiales de la corporación. Evaluado lo anterior, en conjunto con la oposición de los demandantes, el TPI denegó la solicitud de orden protectora. Tras acudir en alzada ante esta Curia, denegamos la expedición del auto de *certiorari.*

Devuelto el asunto ante el foro primario para la continuación de los procedimientos, Altitude instó una *Moción de Sentencia Sumaria,* el 20 de octubre de 2023, a la cual se opuso la parte demandante el 3 de noviembre de 2023.[3] Pendiente la adjudicación de su petitorio sumario y ante la proximidad de la fecha del juicio en su fondo, el 6 de noviembre de 2024, Altitude presentó una *Moción solicitando aplazamiento de juicio en lo que se resuelve moción de sentencia sumaria.*[4]

---

[2] Apéndice, págs. 5-9.
[3] Entradas núm. 56 y 61 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[4] Apéndice, págs. 35-36.

En reacción, el 7 de noviembre de 2024, los demandantes se opusieron y argumentaron que la suspensión del juicio les resultaría onerosa debido a que, las citaciones para obtener la comparecencia de los diferentes custodios de los récords médicos ya habían sido diligenciadas.

Evaluadas las posturas de ambas partes y la subsiguiente réplica de Altitude, el TPI notificó la *Orden* impugnada, el 8 de noviembre de 2024, a las 5:01pm, en la cual dispuso lo siguiente en cuanto a la posposición del juicio:

> No Ha Lugar. Véase Resolución emitida en esta misma fecha. Se concede término a la parte demandada hasta el 12 de noviembre de 2024 a las 4:30p.m. para cargar la prueba, so pena de que no se permita su presentación en el juicio.[5]

Cabe puntualizar que, la *Resolución* a la cual hizo referencia el TPI en su *Orden* es al dictamen, mediante el cual, denegó el petitorio sumario de Altitude, luego de formular 96 hechos incontrovertidos e identificar 19 hechos en controversia.

En desacuerdo, el 12 de noviembre de 2024, a las 9:31 a.m., Altitude insta el recurso de epígrafe junto a una *Moción en auxilio de jurisdicción,* con el fin de que paralicemos el juicio en su fondo, pautado para comenzar el día siguiente. En su recurso, el peticionario señala lo siguiente:

> El TPI ha violentado el derecho de Altitude al debido proceso de ley, en su vertiente procesal, al forzar una fecha de juicio previo a que Altitude pueda agotar sus derechos apelativos.

En atención a lo anterior, notificamos una *Resolución*, el 12 de noviembre de 2024, a las 11:58 a.m., a los efectos de paralizar el juicio en su fondo ante el TPI y ordenar a la parte recurrida exponer su posición en torno a la solicitud de Altitude.

Surge del expediente electrónico que, ese mismo día, los demandantes informaron al TPI que su perito de ocurrencia, el Dr.

---

[5] Apéndice, págs. 64-65.

Carlos Carrión Lorenzo, no comparecería al juicio y, por tanto, solicitaban que los récords médicos certificados que este produjo se unieran a su prueba documental.[6]

En reacción a la solicitud en auxilio de jurisdicción, los demandantes presentaron ante esta Curia una *Moción sobre Falta de Notificación y Solicitud de Prórroga* y una subsiguiente *Moción Informativa*. En esta última acreditaron haber sido notificados con copia del recurso, el 12 de noviembre de 2024, a las 8:30 p.m. Arguyeron que, el peticionario incumplió con la Regla 17 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de 1999 sobre suspensiones de vistas y que, a su entender, el asunto en controversia se tornó académico.[7]

Hemos examinado con detenimiento el recurso sometido por Altitude y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al,* supra. A

---

[6] Entrada núm. 132 en SUMAC.
[7] Surge de la moción informativa que instó el peticionario, el 13 de noviembre de 2024, que reconoció no haber notificado a los recurridos su *Moción en Auxilio de Jurisdicción* de forma simultánea con su presentación.

diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*.

*Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### III.

Altitude solicita que ejerzamos nuestra función discrecional y, en auxilio de jurisdicción, dejemos sin efecto la *Orden* que notificó el foro primario en donde se negó a aplazar la celebración del juicio en su fondo, pautada para iniciar el 13 de noviembre de 2024. Según expusimos en el tracto procesal, surge del expediente que, en esencia, los recurridos se opusieron a la posposición del juicio fundamentado en que, sería onerosa para dicha parte tras haber diligenciado varias citaciones.

Reconocemos que, el asunto ante nuestra consideración versa sobre el manejo del caso ante el TPI, quien ostenta gran flexibilidad y discreción para conducir los asuntos litigiosos que se le presentan y para aplicar los correctivos apropiados, según su buen juicio le indique. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. De manera que, los foros revisores no debemos intervenir con el manejo del caso que realiza el foro primario, salvo que quede demostrado que dicho foro actuó con prejuicio, parcialidad, abuso de discreción o error manifiesto. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

Ahora bien, de un análisis de la totalidad de las circunstancias colegimos que, nos encontramos en la etapa correcta para intervenir en aras de evitar un fracaso a la justicia y que se violente el debido proceso de ley en este caso. La parte peticionaria correctamente señala que el foro primario incidió en su proceder. El efecto de no aplazar el juicio coartaría su derecho a presentar prueba sobre hechos que el TPI aceptó y consignó como probados, sin que se le permitiera ejercer su derecho a acudir en revisión judicial de la denegatoria de su petitorio sumario. Ello, a todas luces, conlleva un fracaso a la justicia.

Asimismo, observamos que, el foro primario atendió el petitorio sumario -para el cual notificó una resolución en la cual consignó 96 determinaciones de hechos incontrovertidos y 19 en controversia-, el viernes, 8 de noviembre de 2024, a las 5:01 pm, considerando que el lunes siguiente era feriado, y que solo faltaban horas para el comienzo del juicio en su fondo, el miércoles, 13 de noviembre de 2024. Lo antes, a pesar de que la *Moción de Sentencia Sumaria* recién adjudicada, había sido instada poco más de un año, el 20 de octubre de 2023 y la oposición al petitorio sumario fue presentada el 3 de noviembre de 2023. Además, observamos que, en la *Moción Informativa* que presentó la parte demandante ante el foro

de instancia, el 12 de noviembre de 2024, hizo constar que su perito de ocurrencia, el Dr. Carlos Carrión Lorenzo, anunció que no comparecería al juicio.[8] Como resultado, los demandantes solicitaron al foro primario que los récords médicos que produjo el Dr. Carrión, debidamente certificados, se unan a su prueba documental. Lo antes, sin lugar a duda, reduce el posible efecto perjudicial para la parte demandante, derivado de aplazar el juicio en su fondo.

Por las razones que anteceden, expedimos el auto de *certiorari* y revocamos la *Orden* impugnada. Habida cuenta de que, el 12 de noviembre de 2024, declaramos ha lugar la *Moción en Auxilio de Jurisdicción* que instó Altitude y paralizamos el inicio del juicio en su fondo, la dejamos sin efecto y ordenamos la continuación de los procesos, de conformidad con lo aquí resuelto.

**IV.**

Por los fundamentos esbozados y conforme nos autoriza la Regla 40 de nuestro Reglamento, *supra,* expedimos el auto de *certiorari,* revocamos el dictamen recurrido, dejamos sin efecto la paralización de los procesos y devolvemos el caso al foro primario para la continuación de los procedimientos, sin necesidad de aguardar por la expedición del correspondiente mandato.

Notifíquese inmediatamente.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] Entrada núm. 132 en SUMAC.